## JOHN T. WILSON ET AL.

## v.

## V. I. AARON, ASSIGNEE.

*Insolvency—Voluntary Assignment—Continued Custody of Property by Assignor at Assignee's Request — Attachment — Jurisdiction of County Court.*

1.   The County Court has full and exclusive jurisdiction of insolvent estates under deeds of assignment made in conformity with the statute, and before any other jurisdiction has attached, except in special cases, when courts of equity may interfere to promote the ends of justice.

2.   Upon an order of the trial court affirming an order of the County Court directing that certain property attached be returned to the assignee under a voluntary assignment, this court holds that the County Court had jurisdiction of the same, and that relief should have been claimed, and the validity of the assignment questioned in that court alone.

3.   Property described in the inventory under a deed of assignment, left with the assignor, under an arrangement with the assignee that he shall be compensated for care of the same up to the time of sale, is within the jurisdiction of the County Court.

[Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of Livingston County; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. STRAWN & PATTON, for appellants.

" The settled, general rule in American law is, that a provision in an assignment by which any benefit or advantage is reserved to the debtor, at the expense of the creditors, whether such benefit be temporary or permanent, and whether reserved to the debtor himself, or for the benefit of his family, is a fraud in law and vitiates and avoids the whole assignment." Burrill on Assignments, 2d Ed., p. 179; McLurg v. Lecky, 3 Penrose & Watts (or Penn. R.) 83, 91, 92; Mackie v. Cairns, 5 Cowen, 547; Harris v. Sumner, 2 Pickering, 129; Goodrich v. Downs, 6 Hill (N. Y.), 438, 439; Gazam v. Poyntz, 4 Ala. 374; Stokes v. Jones, 18 Ala. 734, 737; Byrd

v. Bradley, 2 B. Monroe, 239; Henderson v. Downing, 54 Miss (2 Cushman), 106; Green v. Trieber, 3 Maryland, 11; Hardin v. Osborne, 60 Ill. 93; Steere v. Hoagland, 39 Ill. 264; Jones v. King, 86 Ill. 229; Young v. Hemans, 66 N. Y. 382; Sugg v. Tillman, 2 Swan, 208.

Second. The deed of assignment gave to the assignee the power to appropriate a portion of the proceeds of the estate toward the payment of attorneys' fees. The conveyance of such power to the assignee makes the deed fraudulent as against creditors. Heacock et al. v. Durand et al., 42 Ill. 230.

The possession of the property was left with assignor and he used it for his own profit and convenience. The assignee never had possession of it for a single moment prior to its return by the sheriff under the order of the County Court. The retention and use of the property by the assignor made the assignment fraudulent. Dawes v. Cope, 4 Binney, 258; Hower v. Gusman, 17 Serg. & Rawle, 251; Young v. McLure, 2 Watts & Serg. 147, 150; Hall v. Parsons, 17 Vt. (2 Washburn) 271; Thornton v. Davenport, 1 Scam. 296; Rhines v. Phelps, 3 Gilm. 455; 1 Smith's Leading Cases (Hare & Wallace' notes), 55.

The law, in such a case, raises the conclusion of fraud, incapable of being rebutted or explained. Anderson v. Fuller, 1 McMullan's Equity, 27; Smith v. Henry, 1 Hill, 22; Meeker v. Wilson, 1 Gallison, 419.

That permitting the assignor to retain the possession of the property is *prima facie* evidence of fraud, is the established rule in Massachusetts, Connecticut, New York, North Carolina, Indiana, Arkansas, Maine, New Hampshire, New Jersey, Missouri, Kentucky, Tennessee, Virginia, Georgia, Alabama and Texas.

The County Court was the proper place to question the validity of the assignment. Farwell v. Crandall, 120 Ill. 70.

The assignee, not having taken possession of the property up to the time the sheriff levied on it by virtue of the executions aforesaid, and the property being in the possession and use of the assignor, the County Court had no jurisdiction over the property. The making, delivery and recording of

the deed in the county clerk's office did not give the County Court jurisdiction and control over the property. This question was raised and settled by the Supreme Court in Preston et al. v. Spaulding, 120 Ill. 208; see pp. 231 and 232 of the opinion.

On the trial below, counsel for appellee cited and relied on Freydendall v. Baldwin, 103 Ill. 325, and Hanchett v. Waterbury, 115 Ill. 220, as did counsel for appellee in Preston et al. v. Spaulding et al., yet the court in the latter case points out the difference between the cases to be, that in the two earlier cases the assignee was in possession of the property, while in the latter case the assignee had never taken possession of the property. It occurs to us the Supreme Court decided very clearly that the delivery and recording of a deed of assignment for the benefit of creditors, and the acceptance of the trust by the assignee, and the filing of his bond and inventory, does not give the County Court jurisdiction over the property.

Messrs. MCILDUFF & TORRANCE, for appellee.

If a fraud had been attempted Goembel could have gone into the County Court, which had full authority under the " Insolvent Debtor's Act" to hear and adjudicate upon all conflicting rights, and there had his rights determined. Freydendall et al. v. Baldwin et al., 103 Ill. 325.

If the assignee was not properly performing his duty, upon complaint the County Court had full power to direct and control him. Freydendall et al. v. Baldwin et al., 103 Ill. 325; Hanchett v. Waterbury, 115 Ill. 220; Farwell et al. v. Crandall, 120 Ill. 70.

That the appellants could not seize upon and sell the property upon executions issued from the Circuit Court after the making, filing and recording of the deed of assignment in County Court is well settled in Hanchett v. Waterbury, 115 Ill. 220, a case well and carefully considered and re-affirmed in Farwell et al. v. Crandall, 120 Ill. 70.

As is well said in Hanchett v. Waterbury, " To permit such interference would practically defeat the chief object of the statute, namely, to provide a convenient, expeditious and

Wilson v. Aaron.

inexpensive tribunal, through the instrumentality of which an insolvent debtor may make an entirely equitable distribution of his effects among his creditors. If, after the jurisdiction of the County Court has attached, third parties having real or pretended claims to or upon the trust estate were permitted by means of process issued out of other courts, to take possession of the property in the hands of the assignee, for purposes of litigation in such other courts, the County Court by this means might be deprived of its jurisdiction altogether. In any event, it would necessarily so retard and embarrass the proceedings in the County Court that it would be impossible to administer the estate in the manner or within the time prescribed by the act, and to that extent would render the statute imperative. A construction leading to such a result ought not to be adopted. To give the statute practical effect in all its provisions, we feel constrained to hold, as we do, that upon the making, filing and recording of the assignment, with the lists and schedules annexed, the County Court, wherein such assignment is filed and recorded, in its character as an insolvent debtor's court, by operation of law at once acquires jurisdiction over and becomes possessed of all the property and estate embraced within the assignment, subject, of course, to all prior liens and just claims that third parties may have to or upon it. * * * The assignee, the insolvent debtor, and all persons claiming an interest in or upon the fund, are subject alike to the summary jurisdiction of the court, and whatever rights, real or supposed, with respect to the fund, must primarily be litigated therein; and that there may be no failure of justice, the act, as we have already seen, clothes the court with power, when in its judgment the exigencies of the case require it, to order a trial by jury. While the legal title to the fund is in the assignee, the possession of it, as we have just seen, is in the court, and the assignee's relation to the court is analogous, in some respects, to that of a receiver, or an assignee in bankruptcy."

Counsel for appellant are mistaken when they assert Preston et al. v. Spaulding et al., 120 Ill. 208, asserts a different rule. There the property which the court ordered distributed

through its receiver was property that was in possession of a
sheriff and a United States marshal before the assignment, and
which the assignee was not seeking to reach, and the equities
in the bill were of such a nature as an insolvent court could
not consider, the assets that were the subject of contention
not having been brought within the jurisdiction of the County
Court. That case especially re-affirms the position of the
court in Hanchett v. Waterbury, and Farwell et al. v. Cran-
dall et al., *supra.*

C. B. SMITH, J.   This is an appeal from an order of the
Circuit Court of Livingston County. The facts out of which
this controversy arises are about as follows : On February 21,
1888, Sylvanus Mitchell, then being in failing circumstances
and unable to pay his debts, made by deed a voluntary assign
ment to V. I. Aaron for the benefit of all his creditors, under
the statute relating to that subject. On the 22d day of Febru-
ary the deed was filed for record in the county clerk's office,
and on the same day the deed was recorded. Aaron, the as-
signee, went out to Mitchell's place, about two miles from town,
and looked over the property, and made an inventory of it in
addition to the inventory attached to the deed of assignment,
and on the same day filed his inventory with the county clerk.
The assignee also made an arrangement with Mitchell to
keep the property for him on the place until it was sold, tell-
ing him he should be paid for it, and the property was accord-
ingly left with Mitchell, under that arrangement, until it was
levied on by the sheriff. On the 24th day of February the
assignee filed his bond with the County Court in the county
clerk's office. The assignee then advertised the property for sale
on March 8th, and circulated the bills, and put one in the office
of William P. Goemble. Prior to February 22, 1888, Syl-
vanus Mitchell and William P. Goemble were indebted to J.
E. Brown & Company on two judgment notes, one for $675.67,
and the other for $555, in both of which notes Goemble was
security for Mitchell. On the 22d day of February, 1888, the
same day the deed of assignment was recorded, J. E. Brown
& Co. had judgment confessed on the first of the above de-

scribed notes against Mitchell and Goemble for the amount therein named, and on the 24th day of February, 1888, they had judgment confessed against Mitchell and Goemble for the amount of the second note. Nothing was done under either of these judgments until the 5th day of March, 1888, when, at the request of Goemble, Brown & Co. had executions issued and placed in the hands of the sheriff to execute. Goemble went with the sheriff to Mitchell's place, and finding the property described in the deeds of assignment all still in Mitchell's possession, directed the sheriff to levy on it, and take it into his possession, which the sheriff did, and removed the property out of Mitchell's possession by virtue of his execution. On the 8th day of March following, the assignee filed a petition in the County Court, asking for an order on the sheriff to return the property to the assignee, and asking that Goemble and the sheriff might be punished for contempt. Appellants answered the petition, setting up their claim and right to the property, alleging that the assignment was fraudulent and void, and that the assignee had never taken any possession of the property.

On the trial the County Court found in favor of the petitioner, and ordered a return of the property to the assignee, and directed the assignee to sell the property and hold the proceeds to abide the result of this litigation. On appeal to the Circuit Court the order of the County Court was affirmed. Appellants now bring the record here for review and ask for a reversal of the order of the Circuit Court. In the view we take of the case it is only necessary for us to consider whether the County Court had jurisdiction of the property (it being conceded it had jurisdiction of the person). There is no controversy about the jurisdictional facts as we have stated them. Upon other branches of the case involving the question of fraud there is a dispute, and upon that branch of the case we express no opinion, as that question must be tried and determined in the County Court if at all. Did the undisputed facts confer jurisdiction of the property on the County Court? This question must be answered in the affirmative. We are justified in assuming that the deed of assignment, its acknowl-

edgment, and the inventory thereto attached, were all in due form and in compliance with the statute, since no question is made against the form of the procedure, except the reservation of the debtor's exemptions in the schedule with the prices thereto attached.

We think the questions raised in this record must be regarded as settled against the appellants and not open to further discussion. If repeated decisions of the Supreme Court upon the same question upon full consideration can settle anything, then the full, complete and exclusive jurisdiction of the County Court over "insolvent estates," under deeds of assignment, made in conformity to our statute and before any other jurisdiction has attached, must be regarded as settled.

The following cases are all clear and explicit upon the question of exclusive jurisdiction of the County Court after the deed of assignment and inventory has been properly executed and filed, and before any other court has obtained jurisdiction of the property. That very act, *ipso facto*, transfers the *possession* and *control* of all the estate of the debtor into the control and jurisdiction of the County Court. Freydendall v. Baldwin, 103 Ill. 325; Hanchett v. Waterbury, 115 Ill. 220; Field v. Ridgley, 116 Ill. 424; Farwell v. Crandall, 120 Ill. 70.

The County Court, then, having complete jurisdiction of both the parties, creditors as well as debtors, and of all the estate (as well what was included in the schedule, as what might be thereafter discovered), it was the duty of appellant Goemble to have gone before the County Court, and there asked for whatever relief of priority or otherwise he might deem himself entitled to, or he might contest the validity of the assignment, and show it to be fraudulent and void, if he could.

While we concede the original and exclusive jurisdiction of the County Court in all matters of insolvent estates when they first obtain jurisdiction under proper deeds of assignment, we at the same time hold that there may be special cases where a court of equity would and ought to interfere under its general powers for the promotion of justice. It is

not safe ever to lay down any positive rule that would exclude a court of equity from exercising jurisdiction where such jurisdiction and intervention might become necessary to promote the ends of justice or to prevent wrong or hardship. And so we understand the cases to which we have referred, to hold.

Finding no error in this record the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*